J-S79043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSE ANTONIO CASTRO SANCHEZ, | : | |
| | : | |
| Appellant | : | No. 473 MDA 2018 |

Appeal from the PCRA Order February 20, 2018
in the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0003860-2005

BEFORE:  SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:              **FILED FEBRUARY 12, 2019**

Jose Antonio Castro Sanchez ("Sanchez") appeals, *pro se*, from the Order dated February 20, 2018, dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On June 5, 2006, Sanchez was sentenced to fifteen to thirty years in prison after pleading guilty to murder of the third degree.[1]  Thereafter, Sanchez filed several PCRA petitions, the first of which was counseled.  On June 23, 2015, Sanchez filed, *pro se*, the instant PCRA Petition alleging the recognition of a new constitutional right that rendered his sentence illegal. Finding his Petition without merit, the PCRA court provided Sanchez with a Pa.R.Crim.P. 907 Notice of Intention to Dismiss on August 12, 2015.  The Notice of Intent to Dismiss expressly afforded Sanchez twenty days to

_____

[1] 18 Pa.C.S.A. § 2502(c).

respond, in accordance with Pa.R.Crim.P. 907(1). On February 20, 2018, having received no response from Sanchez, the PCRA court dismissed Sanchez's Petition. On March 19, 2018, Sanchez filed a timely Notice of Appeal with this Court. Pursuant to Pa.R.A.P. 1925, Sanchez was given until April 9, 2018 to file a court-ordered Pa.R.A.P. 1925(b) Concise Statement of Matters Complained of on Appeal. *See* PCRA Court Order, 3/20/18. However, the docket indicates that Sanchez's Concise Statement was not filed until April 16, 2018. *See* Docket at 12 (entries unnumbered). The PCRA court issued its Pa.R.A.P. 1925(a) Opinion on April 25, 2018, stating that Sanchez's failure to file a timely concise statement resulted in waiver of all matters complained of on appeal.

On May 17, 2018, this Court remanded the matter to the PCRA court for a determination of the timeliness of Sanchez's filing, in light of the "Prisoner Mailbox Rule."[2] The PCRA court determined, in an Order dated June 14, 2018, that Sanchez did not present sufficient evidence to avail himself of the Prisoner Mailbox Rule and, thus, deemed his Concise Statement untimely.

On appeal, Sanchez presents the following issues for our review:

I.    Did the PCRA court err as a matter of law when it denied [Sanchez's] PCRA Petition without a hearing?

---

[2] Pennsylvania Rule of Appellate Procedure 121(a) — often referred to as the "Prisoner Mailbox Rule" — provides that "[a] pro se filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities [,] … as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the pro se filing with the prison authorities."

II.      Did the PCRA court err as a matter of law when dismissing [Sanchez's] PCRA Petition without a hearing when the plea of guilty entered into lacked statutory authorization and is therefore illegal?

III.     Did the PCRA court err as a matter of law in dismissing [Sanchez's] PCRA Petition without a hearing when the statute of murder, 18 Pa.C.S.A. § 2502[,] is unconstitutionally vague?

Brief for Appellant at 4.

This Court's standard of review is limited to "whether the [PCRA] court's legal conclusions are correct and whether its factual findings are clearly erroneous." *Commonwealth v. Edwards*, 177 A.3d 963 (Pa. Super. 2018).

Preliminarily, we address whether Sanchez has properly preserved the aforementioned issues for appellate review. Upon careful review, we conclude that the PCRA court's determination as to timeliness is supported by the record and is free of legal error. We agree with and adopt the sound reasoning of the PCRA court in determining that the Prisoner Mailbox Rule is unavailable to Sanchez. *See* PCRA Court Order, 6/14/18. With this in mind, we now turn our attention to whether Sanchez consequently waived review of the issues complained of on appeal.

Our Supreme Court has consistently held that "appellants must comply whenever the trial court orders them to file a [s]tatement of [m]atters complained of on [a]ppeal pursuant to Pa.R.A.P. 1925. Any issues not raised in [such a statement] will be deemed waived." *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005).

Sanchez was ordered to file his Pa.R.A.P. 1925(b) Concise Statement by April 9, 2018. Sanchez's Concise Statement was not docketed until April 16, 2018. Having disposed of the possibility that Sanchez could rely on an earlier filing date than that reflected in the docket, we determine that Sanchez did not satisfy the procedural requirements mandated by Pa.R.A.P. 1925, or **Castillo**, and has waived all issues presented on appeal.

We note that even if Sanchez's Concise Statement had been timely filed, he still would not have been entitled to relief under the PCRA. Section 9545 of the PCRA expressly states that a PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545. A judgment of sentence becomes final at the conclusion of direct review, including discretionary review, or at the expiration of time for seeking the review. **Id.** § 9545(b)(3). "Our courts have strictly interpreted this requirement as creating a jurisdictional deadline." **Commonwealth v. Jackson**, 30 A.3d 516, 522 (Pa. Super. 2011). A court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Sanchez's judgment of sentence became final on July 5, 2007. Under the PCRA, Sanchez had until July 5, 2008 to file a timely PCRA petition. Sanchez filed his instant Petition on June 23, 2015. Thus, Sanchez's Petition is facially untimely.

Nonetheless, Pennsylvania courts may consider untimely petitions if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking such an exception must be filed within 60 days of the date the claim could have been presented. *Id.* § 9545(b)(2).

However, Sanchez does not attempt to invoke a timeliness exception. Instead, he argues that he established a *prima facie* showing of a "miscarriage of justice" at various points throughout his case, which affords the PCRA court jurisdiction to grant relief. Brief for Appellant at 8-9. We find Sanchez's argument to be entirely without merit.

Sanchez avers that the PCRA court had jurisdiction to hear his Petition under ***Commonwealth v. Lawson***, 549 A.2d 107 (Pa. 1988) and ***Commonwealth v. Morales***, 701 A.2d 516 (Pa. 1997). Brief for Appellant at 8-9. However, these cases are irrelevant to a contemporary analysis of the PCRA's time limits, as the petitions in those cases pre-date the 1995 Amendment to the PCRA. The 1995 Amendment implemented a one-year filing deadline that is to serve as a jurisdictional time-bar to claims filed in an untimely manner. ***See*** 42 Pa.C.S.A. § 9545; ***see also Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (stating that because "[t]he filing mandates of the PCRA are jurisdictional in nature and are strictly construed[,] … [a]n untimely petition renders this Court without jurisdiction to afford relief."); ***Commonwealth v. Abu Jamal***, 941 A.2d 1263, 1267-68 (Pa. 2008)

(providing that "[t]he PCRA's timeliness requirements are jurisdictional … [and] courts may not address the merits of the issues raised in a petition if it is not timely filed.").

Because Sanchez's Petition was filed more than a decade beyond the statutory deadline, and did not invoke an exception, his Petition was untimely under the post-1995 PCRA. As such, had Sanchez not waived his claims on appeal, this Court would still have affirmed the PCRA court's dismissal of Sanchez's Petition.

Order affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/12/2019